**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| RICHEMONT INTERNATIONAL S.A, <br><br> Plaintiff, <br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SHEDULE "A", <br><br> Defendants. | Case No. 25-cv-02336 <br><br><br> Judge: Hon.  Andrea R. Wood <br> Magistrate Judge: Hon. Young B. Kim |

**MOTION OF DEFENDANTS SHENZHEN BERNY INDUSTRIAL CO. LTD AND
SHENZHEN BERNY SMART TECHNOLOGY CO. LTD TO UNFREEZE
ACCOUNTS**

NOW COME Defendants Shenzhen Berny Industrial Co. Ltd (which operates stores identified as "Doe 82" and "Doe 135") and Shenzhen Berny Smart Technology Co. Ltd. (which operates the store identified as "Doe 104') (collectively "Berny") for an order directing Plaintiff to unfreeze Berny's accounts unpon Berny's posting of a bond corresponding to its gross sales of accused products.

Plaintiff, Richemont International S.A. ("Richemont" or "Plaintiff") brought suit against over 100 sellers asserting a variety of claims of trademark and design patent infringement.  Among the defendants were Shenzhen Berny Industrial Co. Ltd (which operates stores identified as "Doe 82" and "Doe 135") and Shenzhen Berny Smart Technology Co. Ltd. (which operates the store identified as "Doe 104') (collectively "Berny").  These two Defendants are related, commonly owned companies.

1

Plaintiff has frozen the entirety of Berny's Aliexpress and Amazon stores, locking up tens of thousands of dollars for sales of products that have nothing to do with this suit. The present Temporary Restraining Order is extraordinarily broad, precluding Defendants from transferring or disposing of any money or other of Defendants' assets in any of Defendants' financial accounts without any regard to whether such finances are tied to any act of infringement. It further requires Third Parties to restrain all accounts associated with the Defendants, again without any limitation whatsoever. Such restrictions are facially overbroad and contrary to law.

Here, Berny presents evidence of its Gross Sales for the accused listings. As set forth in the Declaration of Mr. Chu, and the accompanying sales reports, the Gross Sales associated with the accused product listings are $30,923.60. This court should therefore order Berny to post a bond of $30,923.60 and order that, upon the posting of such bond, all asset restraints associated with Berny be released. This Court should order Plaintiff to, within 24 hour of the posting of the bond, contact all third parties that it previously contacted about Berny, inform them of the court's order and instruct them to release any restraints they may have imposed upon Berny as a result of this Court's prior order in this case.

WHEREFORE This Court should release the asset restraint against Berny upon Berny's posting of a bond of $30,923.60.

Dated: April 6, 2026                    Respectfully submitted,

/s/*Matthew De Preter*
Matthew De Preter
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139
***One of the Attorneys for Defendant Berny***

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

By: /s/ *Matthew De Preter*

Attorney for Plaintiff