**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RICHEMONT INTERNATIONAL S.A.,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A",

Defendants.

Case No. 25-cv-02336
Judge: Honorable Andrea R. Wood.
Magistrate Judge: Young B. Kim

_____/

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R.**
**CIV. P. 12(b)(6) AND FOR MISJOINDER PURSUANT TO**
**35 U.S.C. § 299 AND FED. R. CIV. P. 20 AND 21**

Defendant Bestseller2046 Fashion, by and through its undersigned counsel, respectfully

moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint

in its entirety for failure to state a claim upon which relief can be granted, and further moves

pursuant to 35 U.S.C. § 299 (as to the design-patent claims) and Federal Rules of Civil

Procedure 20 and 21 (as to the trademark, deceptive-trade-practices, and civil-conspiracy claims)

for an order severing Bestseller2046 Fashion from this action or, alternatively, dismissing the

claims against it with prejudice. In support thereof, Bestseller2046 Fashion states as follows:

**I. INTRODUCTION**

This is a classic "Schedule A" complaint that lumps dozens (if not hundreds) of unrelated

online merchants into a single action without any defendant-specific factual allegations. The

Complaint contains only collective, conclusory assertions that "Defendants" sell counterfeit

Page 1 of 7

goods using Plaintiff's trademarks and/or design patents. No facts are pled showing what specific products Bestseller2046 Fashion allegedly sold, on what platform or store, on what dates, or how those acts connect to any other defendant.

Such group pleading fails to satisfy the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, the wholesale joinder of unrelated defendants violates the strict statutory limits on patent joinder (35 U.S.C. § 299) and the ordinary rules governing permissive joinder of parties (Fed. R. Civ. P. 20). The claims against Bestseller2046 Fashion should therefore be dismissed or, at a minimum, severed.

## II. BACKGROUND AND RELEVANT ALLEGATIONS

Plaintiff Richemont International S.A. filed this action on or about March 5, 2025, alleging trademark infringement under the Lanham Act (15 U.S.C. § 1114), design-patent infringement under the Patent Act (35 U.S.C. § 271), violations of the Illinois Uniform Deceptive Trade Practices Act, and civil conspiracy. The Complaint names as defendants "The Partnerships and Unincorporated Associations Identified in Schedule 'A'" — an unidentified list of online sellers. Bestseller2046 Fashion is one of the entities listed in Schedule A.

The Complaint contains no allegations specific to Bestseller2046 Fashion. Instead, it repeatedly refers to "Defendants" collectively and relies on generic assertions that all defendants operate "Defendant Internet Stores" that sell "counterfeit" versions of Plaintiff's products. (See Compl. ¶¶ 4-5, 11-28.) No exhibits attached to the Complaint identify any particular product, listing, domain name, or sales data attributable to Bestseller2046 Fashion. The exhibits that are

Page 2 of 7

attached (CBP seizure statistics and a law-review article on counterfeiting) have no connection to Bestseller2046 Fashion or the specific claims in this case.

## III. LEGAL STANDARDS

**A. Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Group pleading that fails to differentiate among defendants is insufficient. See, e.g., *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is actionable.").

**B. Misjoinder in Patent Cases – 35 U.S.C. § 299**

Section 299 of the Patent Act imposes strict limits on joinder:

[I]n a civil action arising under this title relating to patents … the accused infringers may be joined in one action as defendants … *only if*—
(1) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(2) questions of law or fact common to all defendants will arise in the action.

35 U.S.C. § 299(b) (emphasis added).

Page 3 of 7

The statute further requires that "the accused products or processes" be "the same or substantially similar." Id. § 299(c). Courts routinely sever unrelated online merchants in Schedule A cases under this provision.

**C. Misjoinder Under the Federal Rules – Fed. R. Civ. P. 20 & 21**

Rule 20(a)(2) permits joinder only where (1) the claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) a "question of law or fact common to all defendants will arise." Fed. R. Civ. P. 20(a)(2). Rule 21 expressly authorizes the Court to "sever any claim against a party" or drop misjoined parties "at any time, on just terms." Misjoinder is not jurisdictional and does not require dismissal of the entire action; severance is the preferred remedy.

**IV. ARGUMENT**

**A. The Complaint Fails to State a Plausible Claim Against Bestseller2046 Fashion (Rule 12(b)(6))**

The Complaint is devoid of any factual allegations tying Bestseller2046 Fashion to any specific infringing act. There are no allegations identifying:

- Any particular online store or domain operated by Bestseller2046 Fashion;

- Any specific product listing or sale by Bestseller2046 Fashion;

- Any dates of alleged infringement; or

- Any facts showing that Bestseller2046 Fashion sold goods bearing Plaintiff's trademarks or design patents.

Instead, Plaintiff relies on impermissible group pleading. This is fatal under Twombly and Iqbal. See, e.g., *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). The claims against Bestseller2046 Fashion should be dismissed.

**B. The Design-Patent Claims Violate 35 U.S.C. § 299**

Even if the Complaint adequately pleaded a claim (which it does not), the design-patent claims cannot be joined against Bestseller2046 Fashion and the other unrelated Schedule A defendants. The Complaint alleges no facts showing that Bestseller2046 Fashion's accused products are "the same or substantially similar" to those of any other defendant, nor that the claims arise from the "same transaction [or] occurrence." 35 U.S.C. § 299(b)-(c). Independent online merchants selling potentially different goods on different platforms do not satisfy the statute. Severance (or dismissal) of the patent claims against Bestseller2046 Fashion is required.

**C. The Trademark and State-Law Claims Violate Rules 20 and 21**

The remaining claims (Lanham Act trademark infringement, Illinois Deceptive Trade Practices Act, and civil conspiracy) likewise fail the Rule 20(a)(2) test. Each defendant operates its own independent online store. There is no allegation of any coordinated activity, shared ownership, or common scheme linking Bestseller2046 Fashion to any other defendant beyond the generic label "Schedule A."

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011)). "However, courts need not accept conclusory or speculative statements that are not factual assertions." *Ilustrata Servicos Design, Ltda. v. The P'ships & Unincorporated Ass'ns*

*Identified On Schedule "A"*, No. 21-CV-05993, at *2-3 (N.D. Ill. Nov. 18, 2021), citing *NFL Properties*, 2021 WL 4963600, at *1; *H-D U.S.A.*, 2021 WL 780486, at *1; *see also Estée Lauder*, 334 F.R.D. at 185.

"When the defendants are not affiliated with one another, 'there is no evidentiary overlap in proving liability for the alleged infringement.'" *NFL Props. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05522, at *1 (N.D. Ill. Oct. 26, 2021).

In *Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011), the court held that "[s]imply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.").

Here, Defendant is not affiliated with any other defendants in this case. Thus, it should be severed.

## V. CONCLUSION

For the foregoing reasons, Defendant Bestseller2046 Fashion respectfully requests that the Court:

1. Grant this Motion and dismiss the Complaint against Bestseller2046 Fashion pursuant to Fed. R. Civ. P. 12(b)(6);

2. In the alternative, sever Bestseller2046 Fashion from this action pursuant to 35 U.S.C. § 299 and Fed. R. Civ. P. 20 and 21; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu

Page 6 of 7

Jianyin Liu
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N. LaSalle St., Suite 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: [redacted]
Attorney for Defendant Bestseller2046 Fashion
Dated: April 23, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Jianyin Liu